**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC GARDNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No.** |
| | ) | |
| **P.O. BRIAN COLLINS, P.O. ASHTON** | ) | |
| **SMILEY, LT. MARX MAXSON,** | ) | |
| **DET. NICHOLAS NUNEZ,** | ) | |
| **P.O. MICHAEL BONSONTO, P.O** | ) | |
| **EDWARD VILLALOBOS, individually,** | ) | |
| **And CITY OF CHICAGO, a** | ) | **JURY DEMAND** |
| **Municipal Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ERIC GARDNER ("Plaintiff"), by and through his attorneys, Gregory E. Kulis & Associates, Ltd., complaining against the Defendants, OFFICER BRIAN COLLINS, OFFICER ASHTON SMILEY, LIEUTENANT MARK MAXSON, DETECTIVE NICHOLAS NUNEZ, MICHAEL BONSONTO, and EDWARD VILLALOBOS, individually, (collectively referred to as "Defendant Officers"), and the CITY OF CHICAGO, a municipal corporation, as follows:

## JURISDICTION

1.     This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, ERIC GARDNER, accomplished by acts and/or omissions of the Defendants, OFFICER BRIAN COLLINS, OFFICER ASHTON SMILEY, LIEUTENANT MARK MAXSON, DETECTIVE NICHOLAS NUNEZ, MICHAEL BONSONTO, and EDWARD VILLALOBOS, committed under color of law.

1

2.      Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3.      This Court has personal jurisdiction over Defendants Officers because they are all employed by the Chicago Police Department, and thereby residents of the State of Illinois.

**VENUE**

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because all Defendants reside or are located in this district.

**PARTIES**

1.      The Plaintiff, ERIC GARDNER, was, at all relevant times, a United States citizen and a resident of the State of Illinois.

2.      The Plaintiff was a minor until November 14, 2020.

3.      At all relevant times, the Defendants, OFFICER BRIAN COLLINS, OFFICER ASHTON SMILEY, LIEUTENANT MARK MAXSON, DETECTIVE NICHOLAS NUNEZ, MICHAEL BONSONTO, and EDWARD VILLALOBOS, were duly appointed law enforcement officers acting within the scope of their employment for the Chicago Police Department.

4.      OFFICER BRIAN COLLINS and OFFICER ASHTON SMILEY were two of the arresting officers of Plaintiff on August 23, 2019.

5.      LT. MARK MAXSON was the supervisor of OFFICERS COLLINS and SMILEY.

6.      DET. NICHOLAS NUNEZ, MICHAEL BONSONTO, and EDWARD VILLALOBOS were involved in the investigation and prosecution of Plaintiff and were the driving force behind Plaintiff's arrest and long-term detention.

7.      At all relevant times, the Defendants, OFFICER BRIAN COLLINS, OFFICER ASHTON SMILEY, LIEUTENANT MARK MAXSON, DETECTIVE NICHOLAS NUNEZ, MICHAEL BONSONTO and EDWARD VILLALOBOS, were acting under color of law.

2

## FACTS

8.      On or about August 23, 2019, Defendant Officers arrived at 3824 W. Arthington Street, Chicago, IL 60624 ("the Plaintiff's residence").

9.      On or about August 23, 2019, Defendant Officers entered the Plaintiff's residence.

10.     On or about August 23, 2019, Defendant Officers arrested Plaintiff in his residence based on the allegation that Plaintiff committed criminal acts in March 2019.

11.     At the time of his arrest, Plaintiff was 16 years old.

12.     Defendant Officers detained Plaintiff and transported him to the Second District police station.

13.     On or about August 24, 2019, Plaintiff appeared in juvenile court for an initial hearing.

14.     On or about September 20, 2019, the assistant state attorney(s) chose to prosecute Plaintiff as an adult, instead of as a juvenile.

15.     Upon which, Plaintiff was charged with five felonies, one of which included attempted first-degree murder.

16.     As a result, Plaintiff was held in custody continuously from the date of his arrest until July 16, 2021.

17.     Plaintiff was released from custody on or about July 16, 2021.

## COUNT I - FALSE ARREST

1-17.   The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-17 as his respective allegations of paragraph 1-17 as though fully set for herein.

18.     Defendant Officers arrested Plaintiff without a warrant or probable cause.

19.     Defendant Officers caused false charges to be brought against Plaintiff, alleging, in part, that Plaintiff committed aggravated battery with a firearm in March 2019.

20.     These allegations were not substantiated and there were not facts to support a belief that probable cause existed.

21.     Plaintiff was not the individual who committed the crimes of which Defendant Officers accused him.

22.     The charges against the Plaintiff were false.

23.     Plaintiff was jailed as a result of the charges presented by Defendant Officers.

24.     As a result of these charges, Plaintiff was continually detained in Cook County Jail for an uninterrupted two years without bond.

25.     At all relevant times, the Defendant Officers were acting pursuant to the customs and policies of the Chicago Police Department.

26.     The Defendant Officers' actions were intentional, willful, with malice, and done with reckless disregard for Plaintiff's constitutional rights and protections.

27.     The Defendant Officers' actions violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and said rights protected by 42 U.S.C. §1983.

28.     As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff, ERIC GARDNER, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, embarrassment, monetary loss, pain and suffering and future pain and suffering.

WHEREFORE, the Plaintiff, ERIC GARDNER, prays for judgment in his favor and against the Defendants, OFFICER BRIAN COLLINS, OFFICER ASHTON SMILEY, LIEUTENANT MARK MAXSON, DETECTIVE NICHOLAS NUNEZ, and MICHAEL BONSONTO and EDWARD VILLALOBOS, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II – *MANUEL* CLAIM OF WRONGFUL CUSTODY

1-28.    The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-28 of Count I as his respective allegations of paragraph 1-28 as though fully set for herein.

29.    Defendant Officers proceeded with the criminal charges against Plaintiff despite knowing they were without merit.

30.    There was only one witness, who was the victim of the shooting, who claimed that Plaintiff was the offender of these criminal acts for which he was accused.

31.    This witness was unreliable and biased against Plaintiff.

32.    This witness did not provide a statement about the shooting to Defendant Officers until nearly five months later, and only did so after he was arrested on other charges.

33.    Despite this knowledge, Defendant Officers continued to pursue Plaintiff as the offender who committed the criminal acts.

34.    On or about July 6, 2020, Defendant Officers learned that the only witness to the criminal acts that they accused Plaintiff of was unable to testify indefinitely due to an unrelated medical incident.

35.    Despite this knowledge, Plaintiff was held in custody for an additional year after Defendant Officers learned of the witness's irreversible condition.

36.    On or about July 16, 2021, all of the criminal charges against Plaintiff terminated in his favor.

37.    As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff suffered a severe loss of liberty, fear, anxiety, depression, monetary losses, and emotional pain and suffering.

WHEREFORE, the Plaintiff, ERIC GARDNER, prays for judgment in his favor and against the Defendants, OFFICER BRIAN COLLINS, OFFICER ASHTON SMILEY, LIEUTENANT

MARK MAXSON, DETECTIVE NICHOLAS NUNEZ, and MICHAEL BONSONTO and EDWARD VILLALOBOS, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – INDEMNIFICATION: CITY OF CHICAGO

1-37. The Plaintiff, ERIC GARDNER, hereby re-alleges and incorporates his allegations of paragraphs 1-37 as his respective allegations of paragraph 1-37 of Count III as though fully set forth herein.

38. Illinois Law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

39. If any of Defendant Officers are found liable for any of the acts alleged above, the Defendant City would be liable to pay the Plaintiff, ERIC GARDNER, any judgment obtained against said Defendant Officer(s).

WHEREFORE, the Plaintiff, ERIC GARDNER, prays that judgment be entered in his favor and against Defendants OFFICER BRIAN COLLINS, OFFICER ASHTON SMILEY, LIEUTENANT MARK MAXSON, DETECTIVE NICHOLAS NUNEZ, MICHAEL BONSONTO, and/or EDWARD VILLALOBOS, and CITY OF CHICAGO.

## JURY DEMAND

The Plaintiff, ERIC GARDNER, hereby requests a trial by jury.

Respectfully Submitted,

ERIC GARDNER

By: */s/ Gregory E. Kulis*
One of Plaintiff's Attorneys

**Gregory E. Kulis (Atty. No. 6180966)**
**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**p. (312) 580-1830 / f. (312) 580-1839**
**e. gkulis@kulislawltd.com**